Section 7 of the letter agreement read in pertinent part:

*Conditions to Closing.* The consummation of the sale and purchase of the Assets described in this letter is *subject to the occurrence* of the following:

... b. *Sale Order.* An *order in form and substance satisfactory to [Ciao] and [Glazier]* shall be entered in and by the Bankruptcy Court within 45 days of the date of this letter approving and authorizing, among other things, (i) the sale and purchase of the Assets ...; (ii) the assumption and assignment by [Ciao] to [Glazier] of the Lease and the Executory Contracts specifically providing that [Glazier] steps into the shoes of [Ciao] with respect to the Lease and the Executory Contracts....

(emphasis added).

■ The terms of the contract having conditioned Glazier's obligation to perform on certain eventualities that never occurred, Glazier was excused from performance. Counsels' statements on behalf of the contracting parties and the other interested party confirm that the parties intended that Glazier be bound to buy the business only if the certain pre-conditions could be timely met. *Troha v. Troha,* 105 Ohio App.3d 327, 663 N.E.2d 1319, 1323–24 (1995) (Whether a provision in a contract is a condition precedent depends on the parties' intent.) Unmet conditions precedent protect Glazier from liability to the debtor for breach of the letter agreement.

### III. CONCLUSION

We find that there exists no dispute as to any material fact and that Glazier is entitled to judgment as a matter of law. We affirm the bankruptcy court's grant of summary judgment in favor of Glazier.

**Daniel R. CICHEWICZ,**
**Plaintiff–Appellant,**

v.

**UNOVA INDUSTRIAL AUTOMOTIVE SYSTEMS, INC., a Delaware corporation, Defendant–Appellee.**

**No. 02–1831.**

United States Court of Appeals,
Sixth Circuit.

Feb. 12, 2004.

Patrick J. Burkett, Sam G. Morgan, Sommers, Schwartz, Silver & Schwartz, Southfield, MI, for Plaintiff–Appellant.

Francis R. Ortiz, Jason P. Klingensmith, Dickinson, Wright, PLLC, Detroit, MI, for Defendant–Appellee.

Before CLAY and COOK, Circuit Judges; and STAFFORD,* District Judge.

STAFFORD, District Judge.

The appellant, Daniel R. Cichewicz ("Cichewicz"), appeals the summary judgment

---

* Hon. William Stafford, Senior United States District Judge for the Northern District of Florida, sitting by designation.

entered in favor of the appellee, UNOVA Industrial Automotive Systems, Inc. ("UNOVA"), in this age discrimination case. We reverse.

## I. BACKGROUND

Cichewicz was hired in 1980 as a project engineer by F. Joseph Lamb Company, a predecessor of UNOVA. As a project engineer, Cichewicz was responsible for the development and engineering of automation products known as "standard products." In 1993, when Cichewicz became a sales engineer in the Standard Products Group, his responsibilities shifted from the engineering and design of standard products to the sales of those products. Cichewicz sold primarily to General Motors Corporation and to a handful of automotive suppliers, although he also made some "intercompany sales" (i.e., sales to other Lamb/UNOVA divisions).

During the course of Cichewicz's employment, UNOVA's sales emphasis shifted from standard products to the sale of entire automation systems. This shift prompted UNOVA's 1999 sale of the marketing and manufacturing rights to some of the standard products that Cichewicz had been selling. At the same time, UNOVA began to de-emphasize "intercompany sales." Because some of his job responsibilities were necessarily eliminated by UNOVA's change in emphasis, Cichewicz was asked to move into the sale of industrial automation systems ("IAS"). According to UNOVA, Cichewicz was not successful in selling entire systems. Cichewicz says otherwise.

On January 7, 2000, Cichewicz was notified that his position was being eliminated and that his employment was being terminated. According to UNOVA, Cichewicz's termination was the result of a reorganization and reduction in sales force triggered by a general decrease in sales volume

throughout the Body & Assembly Systems Division. According to Cichewicz, no one told him that he was being terminated because of low sales volume or because of poor performance; rather, he was told that he did not "fit in." At the time, Cichewicz had the lowest sales volume in the organization; however, because the profit margin on standard products is significantly higher than the profit margin on systems, Cichewicz was one of the leading salesmen in terms of profits. Cichewicz was fifty-three years old at the time his position was eliminated. The employee with the second lowest sales volume, Gunther Krause ("Krause"), also had his position eliminated. Like Cichewicz, Krause was over fifty.

## II. STANDARD OF REVIEW

This court reviews the district court's order granting summary judgment de novo. *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir.2001). Summary judgment is appropriate only if the submissions show "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). We must accept Cichewicz's evidence as true and draw all reasonable inferences in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## III. DISCUSSION

Cichewicz filed an age discrimination complaint against UNOVA on June 27, 2000, asserting claims under (1) the Age Discrimination in Employment Act of 1967 ("ADEA"), (2) the Employee Retirement Income Security Act of 1974 ("ERISA"), and (3) the Michigan Elliott–Larsen Civil Rights Act ("ELCRA"). Cichewicz appeals the district court's decision as it re-

lates to the ADEA and ELCRA claims but not as to the ERISA claim.

The ADEA and ELCRA prohibit employers from discharging an employee because of the employee's age. 29 U.S.C. § 623(a)(1); M.C.L. § 37.2202(1)(a). Under either law, a plaintiff bears the ultimate burden of persuading the factfinder that the defendant intentionally discriminated against the plaintiff on the basis of age. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); *Dubey v. Stroh Brewery Co.*, 185 Mich.App. 561, 462 N.W.2d 758, 758–59 (1990).

A plaintiff may carry his or her burden of establishing age discrimination either (1) through direct evidence that a defendant's adverse actions were motivated by a discriminatory intent, or (2) through circumstantial evidence that supports an inference of discrimination. Where, as here, a plaintiff's evidence is entirely circumstantial, the case is analyzed under the burden-shifting framework set forth by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1160 (6th Cir.1990) (recognizing that the same evidentiary burdens apply under the ADEA and ELCRA).[1]

Under *McDonnell Douglas,* a plaintiff has the initial burden of proving by a preponderance of the evidence a prima facie case of age discrimination. A complainant typically establishes a prima facie case of age discrimination by showing that: 1) he is at least forty years old; 2) the defendant subjected him to an adverse employment action; 3) he was qualified for the position; and 4) he was replaced by a younger person or treated differently from similarly situated younger employees. Where, however, the adverse employment action takes place in the context of a reduction in force, the plaintiff need not show that he was replaced by or treated differently from a similarly situated younger employee, but he must instead present direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge based on impermissible reasons. *See Scott v. Goodyear Tire & Rubber Co.*, 160 F.3d 1121, 1126 (6th Cir.1998); *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 350 (6th Cir.1998).

If a plaintiff succeeds in establishing a prima facie case of age discrimination, the defendant has the burden of articulating a legitimate reason for its actions "which, *taken as true,* would *permit* the conclusion that there was a nondiscriminatory reason for the adverse action." *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 509, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993) (emphasis in original). The defendant's burden is one of production, not persuasion. *Reeves,* 530 U.S. at 142. If the defendant carries this burden, the plaintiff must be afforded the "opportunity to prove by a preponderance of the evidence that the legitimate

---

1. In *Price Waterhouse v. Hopkins*, 490 U.S. 228, 247, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989), the Supreme Court announced a different burden-shifting framework for cases involving an adverse employment decision that was the product of both legitimate and illegitimate motives. Under the *Price Waterhouse* mixed-motive analysis, a plaintiff must produce direct evidence that the employer considered impermissible factors when it made the adverse employment decision at issue. *Wexler v. White's Furniture, Inc.*, 317 F.3d 564, 571 (6th Cir.2003) (citations omitted). If such evidence is produced, the burden shifts to the employer to prove by a preponderance of the evidence that it would have taken the same adverse action even if impermissible factors had not entered into its decision. *Id.* The *Price Waterhouse* paradigm does not apply in this case because Cichewicz has produced no direct evidence of discrimination.

reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Id.* at 143. The plaintiff may do so "by showing that the employer's proffered explanation is unworthy of credence." *Id.* (quoting *Tex. Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 252–253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)). "Moreover, although the presumption of discrimination 'drops out of the picture' once the defendant meets its burden of production, the trier of fact may still consider the evidence establishing the plaintiff's prima facie case 'and inferences properly drawn therefrom ... on the issue of whether the defendant's explanation is pretextual.'" *Id.* (citations omitted). At all times, the plaintiff bears the ultimate burden of persuading the trier of fact that he or she was discriminated against because of age. *Tex. Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

In this case, UNOVA argued, and the district court agreed, that Cichewicz failed to establish a prima facie case of age discrimination because he failed to demonstrate that he was replaced by a younger person or treated differently from similarly situated younger employees. Unmentioned by the district court, however, is that Cichewicz is not required to prove that he was replaced by a younger person where, as here, he was discharged in the context of a reduction in force. Instead, Cichewicz is required to present evidence—direct, circumstantial, or statistical—tending to indicate that the employer singled him out for discharge based on impermissible reasons.

■ Cichewicz produced the affidavit of Frederick Carlson ("Carlson"), Cichewicz's supervisor for approximately eight years, who stated:

6. Over the last 2 to 3 years, I have observed that the "reorganization" and "economic necessity" explanation has repeatedly been used by UNOVA as the tool to explain the systematic removal of employees in their 50s in order to replace them with substantially younger employees.

. . . .

16. Prior to the termination of Cichewicz and Krause, "downsizing" forced Bill Hartley and Les Wisniowiecki into "special early" retirements.

17. On August 9, 2001, another "reorganization" resulted in my termination. I was 57 years old when I was terminated.

18. . . . Tim Vervacke was terminated from his position in program management when UNOVA pushed the substantially younger (early 40s), lesser experienced Richard Ceuninck into his position.

19. During the past 3 or 4 years, the "reorganizations" in the sales department of the Body and Assembly division have not resulted in the elimination of any younger employees—only the older employees.

J.A. at 282–283. In addition, Cichewicz produced the deposition testimony of Stephen A. Renton ("Renton"), Vice President of Human Resources, who revealed that Cichewicz and Krause were not the only individuals over forty who lost their jobs in UNOVA's downsizing. Renton also attributed the firings of Frank May and Carlson, both in their fifties, to downsizing. Renton Dep. at 32, 36. Cichewicz himself testified that UNOVA terminated Ted Dunn (age unspecified), Richard Kelahut (late fifties), Ziggy Kroll, and Leo Gee (both allegedly terminated shortly before they reached age sixty-five). No evidence was produced to contradict Carlsen's representation that only the older employees were targeted for terminations in UNO-

VA's downsizing. Although the record contains little, if any, information about these additional firings, we think the evidence is sufficient to suggest a pattern of targeting only older individuals for discharge, which is all that Cichewicz needs to satisfy his burden as to the fourth element of a prima facie case of age discrimination in the context of a downsizing.[2]

Citing *Barnes v. GenCorp, Inc.*, 896 F.2d 1457 (6th Cir.1990), the dissent suggests that, in workforce reduction cases, evidence that older employees have been terminated is not sufficient to satisfy the fourth prong of the prima facie case. In *Barnes*, the court explained that a plaintiff cannot satisfy his or her prima facie burden in a reduction of force case by merely establishing the first three *McDonnell Douglas* elements: that is, (1) that he or she was age forty or over; (2) that he or she was qualified to perform the job; and (3) that he or she was discharged. The court stated that "additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons" is required. *Barnes*, 896 F.2d at 1465. In fact, the *Barnes* court determined that the plaintiffs satisfied their burden at the prima facie stage by presenting statistical evidence to show that the defendants tended to select older employees for discharge during a thirty-eight-person reduction in force. *Id.* at 1466 (stating that "[a]ppropriate statistical data showing an employer's pattern of conduct toward a protected class as a group can, if unrebutted, create an inference that a defendant discriminated against individual members of the class"); *see also Holley v. Sanyo Mfg., Inc.*, 771 F.2d 1161, 1165–66 (8th Cir.1985) (explaining that, in a work-

force reduction case, a plaintiff may meet the fourth requirement of the prima facie case by presenting circumstantial evidence of practices suggesting a preference for younger employees); *McCorstin v. U.S. Steel Corp.*, 621 F.2d 749, 754 (5th Cir. 1980) (explaining that a pattern of terminating older workers when a reduction in force occurs allows an inference of age discrimination). While the *Barnes* court did state that its conclusion—that a plaintiff cannot establish a prima facie case by merely showing the first three *McDonnell Douglas* requirements—"would not change even if a plaintiff additionally demonstrated that younger persons were retained in other jobs which the plaintiff was qualified to perform," *Barnes*, 896 F.2d at 1465, we find nothing in *Barnes* to suggest that a plaintiff may never satisfy his or her prima facie burden by demonstrating—in addition to the first three elements—a pattern of "reducing" employees over the age of forty.

Furthermore, although UNOVA now articulates nondiscriminatory reasons for Cichewicz's termination, we find that Cichewicz has presented enough evidence of pretext to survive summary judgment. As a number of courts have explained, evidence of pretext may consist of a defendant's changing explanations. *See Fox v. Certainteed Corp.*, 198 F.3d 245, 1999 WL 1111495, at *5 (6th Cir. Nov. 23, 1999) (explaining that evidence tending to demonstrate the falsity and inconsistency of the employer's explanations for the plaintiff's discharge may raise an inference of pretext); *Howard v. BP Oil Co., Inc.*, 32 F.3d 520, 526 (11th Cir.1994) ("identification of inconsistencies in the defendant's testimony is evidence of pretext"); *EEOC v. Ethan Allen*, 44 F.3d 116, 120 (2d Cir.

---

**2.** There is no dispute about the remaining three prima facie elements: Cichewicz was over 40 years old; he suffered an adverse employment action; and he was qualified for the position that he held.

1994) (explaining that discrepancies in a defendant's explanations constitutes evidence of pretext); *Lent v. Goldman Sachs & Company*, 1998 WL 915906, at *8 (S.D.N.Y. Dec. 30, 1998) ("[w]hat defendant calls 'minor inconsistencies' may be evidence of pretext").

Cichewicz says that UNOVA officials, Renton and Alexander Gaulin ("Gaulin"), Vice President of Sales in UNOVA's automation systems division, explained to him at the time of his termination that he simply did not "fit in" the company's restructured business. Cichewicz Dep. at 83. Renton and Gaulin did not tell Cichewicz that he was being terminated because of poor performance or low sales volume, although Cichewicz repeatedly asked what he had done wrong to cause his firing. Both Renton and Gaulin have since explained that Cichewicz was terminated because the overall business climate was deteriorating in 1998 and 1999, forcing UNOVA "to do more with fewer people." Renton Dep. at 69; Gaulin Dep. at 60–61. On January 26, 2000, however, just days after Cichewicz was fired, UNOVA reported the following in a press room news release:

> The IAS segment [where Cichewicz worked] ended 1999 with strong sales and record bookings. Revenues for the year increased to $1.23 billion from $833.3 million for 1998. . . . [U]nderlying IAS revenues grew by more than 25 percent. This positive performance is significantly better than that of the general machine tool industry. Operating profits for the segment grew by 20 percent to $92.5 million for 1999, compared to $76.9 million for the previous year.

J.A. at 271.

Furthermore, on May 26, 2000, in its "Position Statement" submitted to the EEOC in response to Cichewicz's administrative charge of discrimination, UNOVA represented that (1) Cichewicz's "sales average for the years 1996 through 1999 was the least of all the sales people;" and (2) Cichewicz "was not trained, and did not possess the skills to develop and present system solutions as were salesmen who were retained." J.A. at 306. On October 9, 2001, when asked at his deposition if he fired Cichewicz "because he had not proven the ability to sell systems," Gaulin replied: "No, that's not what I said." Gaulin Dep. at 72. When asked if there was something that Cichewicz did or did not do to cause his firing, Gaulin responded: "I wouldn't say, characterize it as what he didn't do." Gaulin Dep. at 72. Instead, Gaulin emphasized that the reason for Cichewicz's termination was the deteriorating business climate, a drop in gross sales, and a dwindling of overall sales opportunities.

Viewing all of the evidence in the light most favorable to Cichewicz, we find that genuine issues of material fact remain for the jury to decide. Cichewicz has produced evidence that UNOVA "reduced" its force over a period of years by discharging selected employees who all happened to be over the age of forty. He has also produced evidence that UNOVA gave a decline in the overall business climate as its proffered reason for the reductions when it was simultaneously reporting to stockholders that sales and bookings were strong and growing. In addition, he has produced evidence that UNOVA gave differing reasons at different times for Cichewicz's termination, telling Cichewicz initially that he simply did not "fit in," suggesting in its EEOC "Position Statement" that Cichewicz was fired based on his purported less-than-satisfactory performance, and ultimately claiming that Cichewicz was discharged not because of his performance but, instead, as part of a downsizing based on dwindling sales and sales opportunities. Whether this evidence, combined with all

of the other evidence in the case, is sufficient to demonstrate that UNOVA discriminated against Cichewicz on the basis of age is a matter best left to the jury.

Accordingly, we REVERSE the entry of summary judgment for UNOVA and REMAND for further proceedings.

COOK, Circuit Judge, dissenting.

Because I agree with the district court that Cichewicz failed to establish a prima facie case of age discrimination, I respectfully dissent from the majority's decision.

The majority correctly identifies the key issue in this case: whether Cichewicz presented sufficient evidence to satisfy the fourth element of a prima facie case of age discrimination—that in reducing its workforce UNOVA singled out Cichewicz for termination because of his age. *Hawley v. Dresser Indus., Inc.*, 958 F.2d 720, 723 (6th Cir.1992). The majority incorrectly determines, however, that Cichewicz satisfied this element by: 1) naming ten additional employees over forty whom UNOVA also terminated, and 2) submitting the affidavit of one such employee stating that UNOVA terminated only older employees. Cichewicz's evidence is insufficient under both federal and state law to withstand UNOVA's motion for summary judgment.

## I. Federal Law

As the majority recognizes, in this workforce reduction case Cichewicz can satisfy the fourth and final element of a prima facie case of age discrimination by presenting "additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discriminatory reasons." *Barnes v. GenCorp, Inc.*, 896 F.2d 1457, 1465 (6th Cir. 1990). The majority incorrectly concludes, though, that Cichewicz presented such evidence.

Construed in the light most favorable to Cichewicz, the summary judgment evidence supports the claim that UNOVA terminated Cichewicz and ten other employees over forty. In workforce reduction cases, however, termination of older employees is not evidence of discrimination. In *Barnes*, this Court explained that plaintiffs in such cases must present *additional* evidence of discrimination because "[w]hen work force reductions by the employer are a factor in the decision, the most common legitimate reasons for the discharge are the work force reductions." *Id.* (quotation marks and citation omitted). Thus, a plaintiff must show more than that he was over forty, qualified, and terminated. Otherwise, "every person age 40–and-over [could] establish a prima facie case of age discrimination if he or she was discharged as part of a work force reduction." *Id.* Consequently, UNOVA's termination of employees over forty is not additional evidence that would allow a factfinder to "draw a reasonable inference that discrimination occurred." *Wexler v. White's Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003) (en banc).

Cichewicz could create a triable issue on the fourth element by showing, for example, that he "possessed qualifications superior to those of a [retained] younger co-worker working in the same position." *Barnes*, 896 F.2d at 1465–66. Cichewicz, however, presented no information about any similarly situated younger employee that UNOVA retained. The majority suggests that such information is unnecessary given that "[n]o evidence was produced to contradict Carls[o]n's representation that only older employees were targeted for termination in UNOVA's downsizing." Such a conclusory statement cannot give rise to a genuine issue of material fact. *See Williams v. Ford Motor Co.*, 187 F.3d 533, 544 (6th Cir.1999) ("Plaintiffs cannot challenge the motion for summary judgment by relying on ... affidavits that merely state conclusory allegations." (citing FED. R. CIV. P. 56)). Moreover, even if

UNOVA did terminate only older employees, this fact would not amount to the *additional* evidence required for a prima facie case of age discrimination. *Barnes,* 896 F.2d at 1465 ("Our conclusion [regarding the requirements for a prima facie case] would not change even if a plaintiff additionally demonstrated that younger persons were retained in other jobs which the plaintiff was qualified to perform.").

The *Barnes* court did, as the majority points out, state that "[a]ppropriate statistical data showing an employer's pattern of conduct toward a protected class as a group can, if unrebutted, create an inference that a defendant discriminated against individual members of the class." *Id.* at 1466. In *Barnes,* the evidence considered sufficient to establish a prima facie case consisted of two expert reports prepared by professional statisticians comparing the employer's treatment of more than one hundred employees from all age groups. *Id.* at 1462–63. Cichewicz presented no statistical data showing, as *Barnes* requires, "a significant disparity" in UNOVA's treatment of older and younger employees. *Id.* The district court therefore correctly assessed the evidence as warranting summary judgment for UNOVA on Cichewicz's federal claim.

## II.   State Law

In reviewing the grant of summary judgment to UNOVA on Cichewicz's state law claim, the majority seems to overlook Michigan law requiring Cichewicz to present evidence that UNOVA terminated him because of his age:

> In a reduction-in-force case, the plaintiff, to establish a prima facie case, must show more than simply that the employer retained a younger employee while discharging an older one. *Matras v. Amoco Oil Co.,* 424 Mich. 675, 385 N.W.2d 586, 590 (1986). Rather, "the employee [must] present sufficient evidence on the ultimate question

whether age was a determining factor in the decision to discharge the older protected employee." *Ibid.* Courts have thus required "[t]he plaintiff in such reorganization cases [to] come forward with additional direct, circumstantial, or statistical evidence that age was a factor in his termination." *Simpson v. Midland–Ross Corp.,* 823 F.2d 937, 941 (6th Cir.1987).

*Mroz v. Elec. Data Sys. Corp.,* 1997 WL 468331, at *3 (6th Cir. Aug. 13, 1997) (unpublished) (applying Michigan law); *see also Dabrowski v. Warner–Lambert Co.,* 815 F.2d 1076, 1080 (6th Cir.1987) (applying Michigan law) ("[W]here a company is in the process of restructuring its work force because of economic problems, an unsuccessful older employee who brings suit for age discrimination must show more than a mere age difference between himself and those employees who better weather the storm.").

Cichewicz failed to present evidence that would allow a reasonable factfinder to conclude that age was a factor in UNOVA's decision to terminate him. The district court therefore correctly granted summary judgment to UNOVA on Cichewicz's state law claim.

## III.   Pretext

The majority reasons, as a second basis for reversing the district court's grant of summary judgment, that UNOVA's proffered reason for terminating Cichewicz—workforce reduction—might be pretextual. Congruity argues against supposing for purposes of determining a prima-facie-case showing that this is a workforce reduction case and then abandoning that premise in evaluating whether UNOVA offered a nondiscriminatory reason for firing Cichewicz. If this is not a workforce reduction case, Cichewicz can establish a prima facie case of age discrimination only by showing that a younger employee replaced him. *See Cicero v. Borg–Warner Automotive, Inc.,*

280 F.3d 579, 584 (6th Cir.2002) (noting that the fourth element of a prima facie case of age discrimination is replacement by a younger person). Cichewicz did not even allege replacement by a younger employee. He instead pursued the route prescribed to fit workforce reduction cases. Thus, whether this is or is not a workforce reduction case, under either burden of proof, Cichewicz failed to present a prima facie case and this court thus never properly reaches the issue of pretext.

### IV. Conclusion

Because no reasonable jury could find by a preponderance of the evidence that UNOVA targeted Cichewicz for termination because of his age, the district court properly granted UNOVA's motion for summary judgment. I therefore respectfully dissent.