NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0869n.06
Filed: October 25, 2005

No. 04-3407

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ROGER P. ADAMS | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| PROTO PLASTICS, INC. | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellee. | ) | |

Before: COLE, ROGERS, and McKEAGUE, Circuit Judges.

**Rogers, Circuit Judge**. In this age discrimination action brought under the Age

Discrimination in Employment Act and Ohio law, Plaintiff-Appellant Roger P. Adams challenges

the district court's grant of summary judgment in favor of Defendant-Appellee Proto Plastics, Inc.

We affirm the district court's decision because it correctly held that Adams has raised no genuinely

disputed issue of material fact that could, if resolved in his favor, establish a prima facie case for age

discrimination.

I.

Roger P. Adams, a former lead mold maker for Proto Plastics, Inc. (Proto), was terminated

as part of a reduction in force on October 23, 2001, due to a slowdown in Proto's business. That a

slowdown occurred is undisputed. Adams was 52 years old on the date of termination. Adams'

dismissal has been Proto's first and only reduction in force. Adams brought this action alleging that by firing him Proto engaged in age discrimination in violation of the Age Discrimination in Employment Act and Ohio public policy. *See* 29 U.S.C. § 621 *et seq.*; OHIO REV. CODE ANN. § 4112.02. Two other mold makers worked alongside Adams: Robert Tilton and Terry Vallieu. Both Tilton and Vallieu are substantially younger than Adams. All three had comparable job positions at the time of Adams' termination.

**II.**

We find no reversible error in the district court's opinion and affirm its decision for the reasons stated in its opinion.

Adams argues on appeal that the district court used the wrong legal test regarding the establishment of a prima facie case in the reduction in force context. The district court relied upon our holding in *Cichewicz v. UNOVA Industrial Automotive Systems*, No. 02-1831, 2004 U.S. App. LEXIS 2503, at **6 (6th Cir. Feb. 12, 2004), that a plaintiff establishes a prima facie case for age discrimination in the reduction in force setting when he shows that: (1) he is forty years old or older; (2) the defendant subjected him to an adverse employment action; (3) he was qualified for the position; and (4) direct, circumstantial, or statistical evidence tends to indicate that the employer singled out the plaintiff for discharge based on impermissible reasons. *Id.* In this case, the first three elements are satisfied and that is not disputed.

Adams finds fault with the district court's approach to the fourth *Cichewicz* element. He

argues that our decision in *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344 (6th Cir. 1998), allows the fourth element to be satisfied whenever substantially younger employees in positions comparable to the plaintiff's are not terminated. *See* Br. for Appellant at 18. In support of his interpretation, Adams cites the following language from *Ercegovich:* "A plaintiff satisfies the fourth prong [for a prima facie case for age discrimination in the reduction in force setting] where he or she demonstrates that a comparable non-protected person was treated better." 154 F.3d at 350.

Obviously, Tilton and Vallieu are substantially younger than Adams and kept their jobs. *Ercegovich*, however, does not require a finding that Adams established a prima facie case for age discrimination. In *Ercegovich,* the defendant Goodyear Tire & Rubber Co. eliminated three positions, those belonging to the plaintiff and to two others. 154 F.3d at 349. The 57-year-old plaintiff, who was older than the other two, received a choice between "retirement or recallable layoff status." *Id.* The younger employees, however, received new jobs via transfer to new positions. *See id.* Although their positions were technically eliminated, neither of them had to leave the company. *See id.* This is the factual context where we said that to establish the fourth element of a prima facie case it is sufficient to show that a "comparable non-protected person was treated better." *Id.* at 350. We concluded that "a plaintiff denied an opportunity to transfer establishes a prima facie case of age discrimination when he or she produces evidence demonstrating that . . . a similarly-situated employee who is not a member of the protected class was offered the opportunity to transfer to an available position, or other direct, indirect, or circumstantial evidence supporting an inference of discrimination." *Id.* at 351. *Ercegovich* was thus decided in the context

of disparate treatment between older and younger persons who were all included in the reduction in force. *Ercegovich* did not involve a situation like this case where the comparison is made between a terminated plaintiff and multiple employees who were not subjected to the reduction in force. *Ercegovich* is simply not analogous.

## III.

For the foregoing reasons, we AFFIRM the district court's order granting summary judgment to Proto.